UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,  Plaintiff,  v.  Farm Labor Contractor, Levi Simmons d/b/a 1 Source Engineered Labor Solutions, and Levi Simmons, Individually and Jointly,  Defendants. | Civil Action No.   7:14-cv-00830 |

# COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor of the United States Department of Labor, brings this action to enjoin the defendants, Farm Labor Contractor Levi Simmons d/b/a 1 Source Engineered Labor Solutions and Levi Simmons, Individually and Jointly, from violating the provisions of the Migrant and Seasonal Agricultural Worker Protection Act, as amended, 29 U.S.C. § 1801, et seq., 28 U.S.C. §§ 1331 and 1345 hereinafter referred to as the MSPA, pursuant to Section 502 of the MSPA.

I.

This court has jurisdiction over this action pursuant to section 502 of the MSPA, 29 U.S.C. § 1852.

II.

1. Defendants, Farm Labor Contractor ("FLC") Levi Simmons d/b/a 1 Source Engineered Labor Solutions ("1 Source") and Levi Simmons, Individually and Jointly, contacted, recruited, hired, and transported most of its migrant workers from cities in and around McAllen,

Texas and is within the jurisdiction of this Court.

2. Defendant Levi Simmons is, and at all times hereinafter mentioned was, an owner of Defendant 1 Source and actively manages, supervises, and directs the business affairs and operations of Defendant 1 Source. Defendant Levi Simmons acts, and has acted, directly and indirectly, in the interest of Defendant 1 Source in relation to its migrant workers and is an FLC of within the meaning of the Act.

III.

At all times hereinafter mentioned, Defendants have been a farm labor contractor within the meaning and definition of Section 3(7) of the MSPA (29 U.S.C. § 1802(7)), in that Defendants have been, through unified operation or common control, engaged in the performance of farm labor contracting activity for money paid or promised to be paid, are not an agricultural association nor employee of an agricultural association, and are not agricultural employers or employees of agricultural employers.

IV.

During the period of May 7, 2010 to May 5, 2012, Defendants committed 32 violations of the MSPA in five different regions while working as FLCs. The violations include:

a. <u>Wage and Hour Dallas District Office Violations – May 7, 2010 to July 2, 2010</u>:

1. Defendants violated Section 202(a) and 29 U.S.C. § 1822(a) by failing to pay its migrant workers' their wages when due due to missing payroll;

2. Defendants violated Section 101(a) and 29 U.S.C. § 1811(a) by failing to ever register as a farm labor contractor;

b. <u>Wage and Hour Charlotte District Office Violations – January 7, 2011 to October 12, 2011</u>:

3. Defendants violated Section 201(a) and 29 U.S.C. § 1821(a) by failing to disclose written employment conditions to its migrant workers;

4. Defendants violated Section 201(b) and 29 U.S.C. § 1821(b) by failing to post the MSPA poster at its migrant field worker's break room;

5. Defendants violated Section 201(d)(2) and 29 U.S.C. § 1821(d)(2) by failing to provide wage statements to its migrant workers which included the employer's identification number and address;

6. Defendants violated Section 201(c) and 29 U.S.C. § 1821(c) by failing to post housing conditions at the Stardust Motel where it housed its migrant workers;

7. Defendants violated Sections 401(b)(1)(A), 401(b)(2)(C), and 29 U.S.C. §§ 1841(b)(1)(A) and 1841(b)(2)(C) by failing to provide safe transportation vehicles to transport its migrant workers;

8. Defendants violated Section 401(b)(1)(B) and 29 U.S.C. § 1821(b)(1)(B) by failing to ensure that each of its drivers who operated a vehicle with 15 or more passengers held a valid license as required by the state of North Carolina;

9. Defendants violated Section 401(b)(1)(C) and 29 U.S.C. § 1841(b)(1)(C) by failing to obtain prescribed insurance coverage for its transportation vehicles;

10. Defendants violated Section 101(b) and 29 U.S.C. § 1811(b) by failing to register an employee as a Farm Labor Contractor employee who drove the vans used in the transportation of migrant workers;

11. Defendants violated Section 105(2)(B) and 29 U.S.C. § 1815(2)(B) by transporting migrant workers without certificate authorization;

12. Defendants violated Section 105(2) and 29 U.S.C. § 1815(2) by failing to apply to amend certificate to allow the housing and transportation of workers;

c. <u>Wage and Hour Jackson District Office Violations – August 25, 2011 to November 3, 2011</u>:

13. Defendants violated Sections 201(a), 201(g) and 29 U.S.C. §§ 1821(a) and 1821(g) for a second time by failing to disclose written employment conditions to its migrant workers;

14. Defendants violated Section 201(f) and 29 U.S.C. § 1821(f) by misrepresenting employment conditions to its migrant workers in telling them they would be advanced money for food while they traveled but not being advanced the money as promised. Defendants also violated Section 201(f) and 29 U.S.C. § 1821(f) by misrepresenting employment conditions to its migrant workers by telling some at recruitment that they would receive a higher wage than $7.25 but then only paying them $7.25 for their work;

15. Defendants violated Section 201(d)(2) and 29 U.S.C. § 1821(d)(2) for a second time by failing to provide wage statements to its migrant workers which included the employer's identification number;

16. Defendants violated Sections 202(a) and 29 U.S.C. § 1822(a) for a second time by failing to pay its migrant workers their wages when due for the last week of work or for any hours worked;

17. Defendants violated Section 101(b) and 29 U.S.C. § 1811(b) for a second time by failing to register eight employees who recruited or transported its migrant workers as Farm Labor Contractor employees;

18. Defendants violated Section 101(a) and 29 U.S.C. § 1811(a) for a second time by transporting its migrant workers without certificate authorization;

19. Defendants violated Section 105(2)(c) and 29 U.S.C. § 1815(2)(c) for a second time by housing its migrant workers without certificate authorization;

d. <u>Wage and Hour Little Rock District Office Violations – January 10, 2012 to February 2, 2012</u>:

20. Defendants violated Section 201(a) and 29 U.S.C. § 1821(a) for a third time by failing to disclose written employment conditions to its migrant workers;

21. Defendants violated Section 201(b) and 29 U.S.C. § 1821(b) for a second time by failing to post MSPA poster at any of the migrant workers' worksite;

22. Defendants violated Section 201(d)(1) and 29 U.S.C. § 1821(d)(1) by failing to make and keep records of hours worked each day, total earnings for each employee, and any withholdings form pay;

23. Defendants violated Section 201(d)(2) and 29 U.S.C. § 1821(d)(2) for a third time by failing to provide a wage statement at all or a complete wage statement to its migrant workers;

24. Defendants violated Section 202(a) and 29 U.S.C. § 1822(a) for a third time by failing to pay migrant workers' wages when due by not paying on the established pay period and making undisclosed deductions;

25. Defendants violated Section 401(b)(1)(B) and 29 U.S.C. § 1841(b)(1)(B) for a second time by failing to ensure that the driver who operated a vehicle with 15 or more passengers carried a valid driver's license as required by the state of Arkansas;

26. Defendants violated Section 401(b)(1)(C) and 29 U.S.C. § 1841(b)(1)(C) for a third time by failing to obtain the prescribed insurance coverage for transportation vehicles;

27. Defendants violated Section 101(b) and 29 U.S.C. § 1811(b) for a third time by failing to register an employee who drove the vans used in the transportation of its migrant workers as a Farm Labor Contractor employee;

e. <u>Wage and Hour Atlanta District Office Violations – April 18, 2012 to May 5, 2012</u>:

28. Defendants violated Section 202(a) and 29 U.S.C. § 1822(a) for a fourth time by failing to pay its migrant employees their wages when due by not ensuring they received at least minimum wage when working by the piece;

29. Defendants violated Sections 401(b)(1)(A), 401(b)(2)(C), and 29 U.S.C. §§ 1841(b)(1)(A) and (b)(2)(C)  for a second time by failing to provide safe transportation vehicles to transport its migrant workers;

30. Defendants violated Section 401(b)(1)(B) and 29 U.S.C. § 1841(b)(1)(B) for a third time by failing to ensure that each driver who operated a vehicle with 15 or more passengers carried a valid driver's license as required by the state of Georgia;

31. Defendants violated Section 401(b)(1)(C) and 29 U.S.C. § 1841(b)(1)(C) for a third time by failing to obtain prescribed insurance coverage for its transportation vehicles; and

32. Defendants violated Section 101(a) and 29 U.S.C. § 1811(a) for a third time by failing to register as a Farm Labor Contractor.

$20,550.00 in civil money penalties (CMPs) have been final ordered against Levi Simmons by the end of September 2013.  The CMPs have not served as a deterrent nor brought

Defendants into compliance. The Department of Labor (DOL) objected to renewal of 1 Source's FLC certificate in hopes that Defendants will finally comply with the MSPA and pay outstanding CMPs and back wages. Instead, Defendants continue to recruit, hire, employ and furnish agricultural workers to farms across two regions without an FLC certificate in an, as yet, successful effort to circumvent the MSPA provisions. A new investigation is presently underway in the Wage and Hour Atlanta District Office. Without a permanent injunction, the DOL is unable to obtain compliance by Defendants and unable to protect these migrant agricultural workers from further exploitation.

V.

Having shown cause, Plaintiff prays for judgment against Defendants Farm Labor Contractor Levi Simmons d/b/a 1 Source Engineered Labor Solutions and Levi Simmons, Individually and Jointly, as follows:

1. A judgment permanently enjoining the Defendant FLC Levi Simmons d/b/a 1 Source Engineered Labor Solutions, his agents, servants, employees, and those persons in active concert or participation with him from violating the provisions of the Migrant and Seasonal Agricultural Worker Protection Act (29 U.S.C. 1801-1972);

3. For an order awarding plaintiff the costs of this action; and

4. For an order granting such other and further relief as may be necessary and appropriate.

    Respectfully,

    M. PATRICIA SMITH
    Solicitor of Labor

| | |
|---|---|
| U. S. Department of Labor<br>525 South Griffin Street, Suite 501<br>Dallas, Texas 75202<br>Telephone:	972-850-3127<br>Facsimile:	972-850-3101 | JAMES E. CULP<br>Regional Solicitor<br><br>MARGARET TERRY CRANFORD<br>Counsel for Wage and Hour<br><br>By: |
| RSOL Case Nos. 13-01429<br>                       13-01430<br>                       13-01431<br>                       13-01432 | /s/ *Zaira Fine*<br>Office of the Solicitor<br>Zaira Fine<br>Attorney-in-Charge<br>Texas Bar No. 24072469<br><br>Attorneys for Plaintiff |

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing *Complaint* was served upon the non-filing Defendants by U.S. mail addressed to all known addresses as follow:

>Levi Simmons
>5330 North MacArthur, Suite 148-101
>Irving, Texas 75038

>Levi Simmons (Farm Labor Contractor)
>1 Source Engineered Labor Solutions Enterprise
>370 Rowe Road
>Europa, Mississippi 39744

>Levi Simmons
>Pines Motel Rm 70 or 71
>El Dorado, Arkansas 71730

Signed this 23rd day of September, 2014.

_____
Zaira Fine
Attorney